# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO. _____

| | |
|---|---|
| COURTNEY ADAMS, individually and on behalf of all others similarly situated, | CLASS ACTION |
| | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | |
| ARTSANA USA INC., | |
| Defendant. _____/ | |

## NOTICE OF REMOVAL

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to sections 1332, 1441, 1446, and 1453 of Title 28 of the United States Code, Defendant Artsana USA Inc. ("Artsana" or "Defendant") hereby removes the above-captioned action filed by Plaintiff Courtney Adams to the United States District Court for the Middle District of Florida. Removal is proper because, as set forth herein, this Court has subject matter jurisdiction over the claims at issue in the action and the procedural requirements for removal have been satisfied.

129414320

**I.     Removal is Timely.**

1. On July 20, 2022, Plaintiff filed a class action complaint (the "Complaint") in the Circuit Court for the Ninth Judicial Circuit in and for Osceola County, Florida, entitled *Courtney Adams v. Artsana USA Inc.*, Case No. 2022-CA-001886-OC (the "State Court Action").

2. On August 12, 2022, Plaintiff purported to have effected service by delivering a copy of the Summons and Complaint to Defendant's registered agent for service of process.

3. This Notice of Removal is timely because it is being filed within 30 days of service of the Summons and Complaint on Defendant.

**II.    Nature of the Action.**

4. This is a putative class action asserting one cause of action under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").

5. Specifically, Plaintiff alleges that Defendant sent unsolicited telephonic sales calls to Plaintiff's cellular telephone number. Compl., ¶¶ 13-17, 35. Plaintiff alleges that Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the class members without prior express written consent. *Id.*, ¶ 35. Plaintiff further alleges that Defendant made and/or knowingly allowed the telephonic sales call to Plaintiff and the class members utilizing an automated system for the selection or dialing of telephone phone

numbers. *Id.*, ¶ 36. Plaintiff contends that she did not provide Defendant with consent to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers. *Id.*, ¶ 39.

6. Plaintiff seeks to represent a class of persons who she claims are similarly situated: "All persons within the United States who, (1) were sent a telephonic sales call regarding Defendant's property, goods, and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without 'prior express consent' as defined by Fla. Stat. 501.059(1)(g), (4) on or after July 1, 2021." *Id.*, ¶ 20.

### III. The Court Has CAFA Jurisdiction Over the Action.

7. This action is within the original jurisdiction of this Court, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth herein, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

8. <u>Covered Class Action</u>. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of

Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b). To wit, Plaintiff brings this action ostensibly on behalf of a class of plaintiffs under Rule 1.220(b)(2) and (b)(3) of the Florida Rules of Civil Procedure. Compl., ¶ 20.

9. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Namely:

   a. Plaintiff alleges that at all material times, she was and is a Florida resident. Compl., ¶ 12. Plaintiff further alleges that both Plaintiff and the telephone to which Plaintiff's telephone number were assigned were physically located in Florida at the time of the alleged telephonic sales call. *Id.*, ¶ 18.

   b. Plaintiff alleges that Defendant is a foreign corporation. *Id.*, ¶ 7. Defendant is incorporated in New Jersey and has its principal place of business in Lancaster, Pennsylvania. *See* Declaration of Stephanie Sutton in Support of Defendant's Notice of Removal, attached as **Exhibit 5, ¶ 4**.

10. <u>Class Action Consisting of More than 100 Members</u>. Plaintiff pleads that Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida without their prior express written consent.

Compl., ¶ 22. This is consistent with Defendant's review of records obtained by Defendant.

11. <u>Amount in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6).

    a. Plaintiff seeks statutory damages, costs, and attorney's fees from Defendant. Compl., ¶ 37.

    b. Pursuant to Fla. Stat. § 501.059(10), an aggrieved party may "recover actual damages or $500, whichever is greater" for each violation.

    c. According to records obtained by Defendant, there were at least 24,298 at-issue text messages that were sent by Artsana to individuals with Florida area codes from July 1, 2021 to the present.

12. Accordingly, the amount in controversy is well over $5 million.[1] Without conceding any merit to the Complaint's damages allegations or causes of

---

[1] Without conceding that Plaintiff is entitled to any such damages, the amount in controversy according to the number of text messages multiplied by the alleged statutory amount of $500 per text message is over $12 million.

action, the amount in controversy here, as alleged in Plaintiff's complaint, exceeds CAFA's jurisdictional threshold.

## IV. All Other Procedural Requirements Have Been Met.

13. This action is properly removed to this Court because the state court action is pending within this district and division. 28 U.S.C. §§ 1441(a), 84(c)(1).

14. A true and correct copy of the State Court Complaint is attached hereto as **Exhibit 1**.

15. A true and correct copy of the Circuit Court's online docket in the State Court Action is attached hereto as **Exhibit 2**.

16. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on or received by Defendant in the state court action must be attached to the Notice of Removal. True and correct copies of all substantive documents listed in that docket, in the same sequence as they appear on that docket (excluding payment receipts, electronic confirmations, etc.) are attached hereto collectively as **Exhibit 3**.

17. In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Filing of Notice of Removal to the United States District Court for the Middle District of Florida that will be filed with the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida is attached hereto as **Exhibit 4**.

18. In the event that Plaintiff seeks to remand this case or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit each additional argument or evidence in support of removal as may be necessary.

**V.   Non-Waiver of Defenses.**

19. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defenses or affirmative matters, including, without limitation, a motion to compel arbitration, a motion to dismiss this action, and a motion to stay this action.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, to this Court.

Dated: September 9, 2022             Respectfully submitted,

*/s/ Maria K. Vigilante*
Maria K. Vigilante (Florida Bar No. 98822)
Maria.Vigilante@BlankRome.com
BLANK ROME LLP
500 East Broward Boulevard, Suite 2100
Fort Lauderdale, Florida 33394
Telephone: (954) 512-1809
Facsimile: (813) 433-5564

*Attorneys for Artsana USA Inc.*

129414320

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on September 9, 2022, with the Clerk of the Court by using the CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

*/s/ Maria K. Vigilante*
Maria K. Vigilante
